UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    File No. 1:91-CR-162

v.

                                    HON. ROBERT HOLMES BELL

CYNTHIA LONDA VERTEL,

        Defendant.
        _____/

**O P I N I O N**

This matter comes before the Court on Defendant Cynthia Londa Vertel's motion to set aside the conviction for which she was sentenced by this Court on June 23, 1992.

**I.**

On March 13, 1992, Defendant entered a plea of guilty in this Court to one count of bank embezzlement in violation of 18 U.S.C. § 657. On June 23, 1992, she was sentenced to one day of imprisonment with credit for time served, one year of supervised release, and 100 hours of community service. Defendant did not appeal her sentence.

On July 8, 2004, Defendant filed the instant motion to set aside her conviction. Defendant does not challenge the legality of her conviction and sentence. Instead, she simply seeks to set it aside, without citation to federal authority. In support of her motion, she argues that more than ten years have passed since she was convicted and that she has never since been charged or convicted of any other offense.

## II.

In its response to Defendant's motion, the United States contends that Defendant's motion effectively seeks expungement of her conviction. In her response, Defendant does not dispute the government's characterization of the motion. The motion to set aside the conviction therefore is construed by the Court as a request for expungement.

The United States argues that Defendant fails to cite any authority, either in statute or court rule, that would support the Court's exercise of jurisdiction over her request for expungement. In particular, the government notes that Rules 33, 34 and 35 of the Federal Rules of Criminal Procedure do not provide authority for the expungement requested by Defendant. In her reply brief, Defendant acknowledges that Rules 33, 34 and 35 are completely inapplicable to the case. As a result, those rules will not be addressed further.

Having stated that the rules do not apply to her motion, however, Defendant does not identify an alternate basis for the Court's exercise of jurisdiction.[1] The Sixth Circuit has

---

[1] The motion unquestionably may not be considered to be a proceeding pursuant to 28 U.S.C. § 2255. Section 2255 states, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255 is inapplicable to the instant action for two reasons. First, Defendant has not challenged the legality of her conviction or sentence, as contemplated by § 2255. Second, Title 28 U.S.C. § 2255, like §§ 2241(c)(3) and 2254(a), requires that a § 2255 habeas petition be filed when a person is "in custody" for that conviction. *See Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004). Defendant's sentence expired approximately ten years ago, long after expiration of her term of supervised release. She therefore is not "in custody" within the meaning of § 2255.

recognized that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *see also United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *1 (6th Cir. March 8, 1996). The Sixth Circuit, however, has not yet clarified the circumstances constituting an "appropriate case." *Robinson*, 1996 WL 107129, at *1. In *Robinson*, the Sixth Circuit reviewed the decisions of other circuits facing requests for expungement. According to the *Robinson* court, those decisions emphasize that "the decision to exercise such power hinges on a balancing of 'the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records . . . .'" *Robinson*, 1996 WL 107129, at *1 (quoting *United States v. Bagley*, 899 F.2d 707, 708 (8th Cir. 1990). Because the government's interest in the maintenance of accurate records is strong, courts generally have held "that the expungement power is narrow and appropriately used only in extreme circumstances." *Id.* (citing *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991); *United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *Menard v. Saxbe*, 498 F.2d 1017, 1021 (D.C. Cir. 1974)).

Applying these standards, courts generally have invoked the expungement power only with respect to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *Robinson*, 1996 WL 107129,

at *2.  In contrast, courts routinely have denied requests to expunge valid convictions.  *Id.* (citing *inter alia United States v. Smith*, 1998 WL 19174, at *1 (6th Cir. March 8, 1988) (no expunction of valid conviction for which defendant was subsequently pardoned); *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993) (no expunction for soldier concerned about effects on future career of conviction overturned on Speedy Trial Act grounds, where appellate court held that there existed constitutionally sufficient evidence to support the conviction); *Schwab v. Gallas*, 724 F. Supp. 509, 510-11 (N.D. Ohio 1989) (expunction of valid felony conviction not warranted by the fact that movant had fulfilled the requirements of the sentence and since led a law-abiding life)).  *See also United States v. Crowell*, 374 F.3d 790, 796 (9th Cir. 2004) (holding that court has no authority to expunge a record of a valid conviction absent a legal ground for setting aside that conviction); *United States v. Wiley*, 89 F. Supp. 2d 909, 911 (S.D. Ohio 1999) (denying expungement of valid conviction despite the fact that defendant was depressed at the time of the offense, had been law-abiding since, and was experiencing significant hardship because of past conviction); *United States v. Gallas*, 771 F. Supp. 904, 909-10 (W.D. Tenn. 1991) (denying request for expungement of valid conviction and finding no extraordinary circumstances in argument that defendant had been law-abiding since the conviction and that his professional opportunities continued to be hurt by his past conviction).

In the instant case, Defendant has failed to identify any legal basis for setting aside her conviction.  Defendant was lawfully convicted on the basis of her guilty plea to one count

of bank embezzlement. While Defendant apparently has made full restitution, has served her sentence and has led a lawful life since her conviction, that conviction remains legally valid. Defendant has demonstrated no basis for overturning the decision or extraordinary circumstances setting her apart from other convicted felons. As a result, no grounds exist for setting aside her conviction or for the extraordinary remedy of expungement of her criminal record.

### III.

For the reasons stated herein, Defendant's motion to set aside her conviction will be denied. An order consistent with this opinion will be entered.


Date:   January 31, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE